## Case No. 12,102.

### RUBBER TIP PENCIL CO. v. HOWARD et al.

[9 Blatchf. 490; 5 Fish. Pat. Cas. 377; 1 O. G. 407.] [1]

Circuit Court, S. D. New York. March 19, 1872. [2]

PATENTS—RUBBER PENCIL HEAD—INVENTION.

1. The letters patent granted to J. B. Blair, July 23d, 1867, for a rubber head for lead pencils, the claim of which is, "an elastic, erasive pencil head, made substantially in manner as described," are void.

2. The claim is one to a piece of India-rubber with a hole in it, and is invalid, for want of invention.

[Cited in Reed v. Reed, Case No. 11,650.]

[This was a bill in equity by the Rubber Tip Pencil Company against Samuel E. Howard and others.]

[Final hearing upon pleadings and proofs. Suit brought upon letters patent for an "improved rubber head for lead pencils," granted to J. B. Blair, July 23, 1867, and assigned to complainants. The nature of the invention is fully stated in the opinion. Two of the forms of application described in the patent are shown by the engraving.] [3]

John S. Washburn, for plaintiffs.
Frederic H. Betts, for defendants.

BENEDICT, District Judge. This action is founded upon a patent for a rubber head for lead pencils, issued to J. B. Blair, July 23d, 1867, and numbered 66,938. The novelty of the invention and the validity of the patent are put in issue.

The proper construction of the patent is the question first presented. The specification states the invention to be "a new and useful cap or rubber head, to be applied to lead pencils, &c., for the purpose of rubbing out pencil marks." It then describes it as follows: "The nature of my invention is to be found in a new and useful or improved rubber or erasing head for lead pencils, &c., and consists in making the said head of any convenient external form, and forming a socket longitudinally in the same, to receive one end of a lead pencil, or a tenon extending from it. The said head may have a flat top surface, or its top may be of a semicircular or conical shape, or any other that may be desirable. Within one end of the

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 9 Blatchf. 490, and the statement is from 5 Fish. Pat. Cas. 377.]

[2] [Affirmed in 20 Wall. (87 U. S.) 498.]

[3] [From 5 Fish. Pat. Cas. 377.]

said head, I form a cylindrical or other proper cavity. This socket I usually make about two-thirds through the head, and axially thereof; but, if desirable, the socket or bore may extend entirely through the said head. The diameter of the socket should be a very little smaller than that of the pencil to be inserted in it. The elastic erasive head so made is to fit upon a lead pencil at or near one end thereof, and to be made so as to surround the part on which it is to be placed, and to be held thereon by the inherent elasticity of the material of which the head may be composed. The head is to be composed of India-rubber, or India-rubber and some other material which will increase the erasive properties of the head, such as powdered emery, for instance." The article is further described by drawings, which, the specification states, "exhibit the elastic head, so made as to cover the end, as well as to extend around the cylinder sides of the pencil; but it is evident that the contour of the said head may be varied to suit the fancy or the taste of an artist or other person; and I do not limit my invention to the precise forms shown in the drawings, as it may have such, or any other convenient form for the purpose, so long as it is made so as to encompass the pencil, and present an erasive surface about the sides of the same." The specification further states, that "the elastic or rubber pencil head, made as above set forth, may be applied not only to lead pencils, but to ink erasers, and other articles of like character." The claim is, for "an elastic erasive pencil head, made substantially in manner as described."

In considering the effect of this language, it is to be noticed, that the invention is not stated to be a combination, but a single article of manufacture, namely, "an elastic erasive pencil head." The peculiarity in this article, by reason of which the inventor supposes himself entitled to secure it as his own, is not stated to consist in its elasticity. That is a quality of the material to be used, which is India-rubber. Nor does it consist in its erasive capacity. That, also, is solely due to the material out of which the article is manufactured. An effort has been made to show that the erasive capacity of the Blair head is increased by means of certain swells or projections on the sides of the head, which are portrayed in the drawings, and supposed to be indicated, in the specification, as a feature of the invention claimed. But I find no language which can fairly be said to convey the idea that such swells or projections form a part of the invention. On the contrary, the description states that the heads may be of any convenient external form, and expressly declares, that the invention is not limited to the precise forms shown in the drawings, but may have any convenient form, "so long as it is made so as to encompass the pencil, and present an erasive surface about the sides of the same." The phrase last quoted from

the specification discloses what is the real and only feature of the article in question, upon which the right to it is based; and this characteristic is one of form, but not of what is called, in the specification, external form. The characteristic form which the inventor claims to have invented, is, broadly, any form which will enable the rubber to encompass a pencil, ink eraser, or other articles of like character. The additional words, "and present an erasive surface about the sides of the same," add nothing to the description, as it is impossible to have a piece of rubber encompass a pencil, ink eraser, or other article of similar character, without presenting an erasive surface about the sides of the same. From this form which the inventor gives to a piece of rubber—otherwise, to be of any convenient form—and from this form alone, does his article derive its value, as distinguished from rubber in any other form. By means of this form, any person is enabled easily to attach the rubber to a pencil, ink eraser, or other article of similar character; and the only useful result attained by the invention in question is, that the head can be so easily attached to any pencil. Now, what is it that accomplishes the useful result attained by the Blair pencil head? Simply, the hole made in the rubber. There must be a piece of rubber, with a cavity in it, to constitute such a pencil head as Blair's specification describes; and there need be nothing more. The cavity may be round, square, or any other shape. It may go through, or partly through, the piece of rubber; and it may be of all sizes. The article sought to be secured by this patent, briefly, and yet, as I think, fully described, consists, therefore, of a piece of India-rubber, with a hole in it. I am unable to fix any other limitation to the invention, by any fair use of the language employed in the specification and claim. Such an article cannot be the subject of a patent. The elastic and erasive properties of India-rubber were known to all, and gave to that substance the name by which it is generally designated; and how to make a piece of rubber encompass and adhere to another article, was known to every person who had ever seen a rubber shoe. No person knowing of the elastic quality of rubber, could be wanting in the knowledge, that a piece of rubber could be made to encompass and adhere to a pencil, ink eraser, or other article of similar character, by making a hole in it, nor could any one be deficient in the skill requisite to make such a hole.

I am of the opinion, therefore, that the patent in question cannot be upheld, for want of invention. This conviction, which I have been unable to escape, renders it unnecessary for me to express any opinion upon the question of abandonment, so largely discussed at the hearing, or to determine whether the patent in question is for the same invention described by Joshua Gray, in his application for a patent, and by others, who have been relied on by the defence, as showing prior invention. A decree must be entered dismissing the bill, with costs.

[On appeal to the supreme court. the decree of this court was affirmed. 20 Wall. (87 U. S.) 498.]